[Cite as *State v. Bailey*, 2024-Ohio-4641.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,          : CASE NO. 23CA1182

    v.                           :

DANIEL BAILEY,                          : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Aaron E. Haslam, Adams County Prosecuting Attorney, West Union, Ohio, for appellee.
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:9-19-24
ABELE, J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Daniel Bailey, defendant below and appellant herein, raises one assignment of error for review:

> "THE TRIAL COURT ERRED IN
> IMPOSING CONSECUTIVE SENTENCES WHEN
> THE RECORD DID NOT SUPPORT THE
> FINDINGS MADE BY THE TRIAL COURT TO
> IMPOSE CONSECUTIVE SENTENCES."

ADAMS, 23CA1182

{¶2} On September 27, 2023, an Adams County Grand Jury returned an indictment that charged appellant with five counts of rape in violation of R.C. 2907.02(A)(1)(b), all first-degree felonies. These charges resulted from an investigation that revealed appellant engaged in multiple instances of sexual activity with a victim under 13 years of age.

{¶3} On November 21, 2023, appellant, pursuant to the parties' plea agreement, entered guilty pleas to five counts of gross sexual imposition, all third-degree felonies. On December 11, 2023, the trial court conducted a sentencing hearing and sentenced appellant (1) to serve five years in prison on each count; (2) ordered that the sentences be served consecutively to one another for a total term of 25 years in prison, and (3) ordered appellant to be classified as a tier III sex offender. This appeal followed.

{¶4} In his sole assignment of error, appellant asserts that the trial court's decision to impose consecutive sentences is improper. In particular, appellant argues that, although the trial court recited the necessary findings and placed the findings in the sentencing entry, a review of the record reveals that the record does not support those findings. Appellant claims that although the court made the appropriate findings on the record and in the sentencing entry that (1) consecutive sentences are necessary to

protect the public from future crime and to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of appellant's conduct and the danger to the public, (3) appellant committed at least two offenses as part of one or more courses of conduct, and (4) the harm caused is so great or unusual that no single prison term for any offense adequately reflects the seriousness of appellant's conduct, appellant maintains that in the case sub judice consecutive sentences are not necessary to protect the public from future crime or to punish appellant. Appellant argues that, at 41 years of age and with no criminal history, concurrent sentences will sufficiently protect the public. Appellant further points out that after five years, he will serve five years of post-release control, register as a sex offender for the remainder of his life and engage in sex offender treatment. Additionally, appellant maintains that he accepted responsibility for his actions and pleaded guilty to avoid a trial and to avoid the necessity of the young victim's testimony in court.

{¶5} Appellee, however, argues that the trial court made all required findings to impose consecutive sentences. Appellee points to the court's statement at the sentencing hearing:

> "Because multiple prison terms have been imposed upon the
> offender for convictions of multiple offenses, committed

> over the course of a period of time in excess of a year, the court may require the offender to serve the prison terms consecutively. The court is requiring the defendant to serve the terms consecutively because the court finds that consecutive service is necessary to protect the public from future crime as well as to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public.
>
> The court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed is so great and so unusual, particularly because a child was victimized, that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct."

Appellee further asserts that the multiple incidents with a young child that occurred over a 13-month period warrants the imposition of consecutive sentences. Appellee further cites to another statement the court offered at the sentencing hearing:

> "The, um, it's hard to fathom, um, even though I, I deal with it, regularly, but it's hard to fathom, uh, that a human being, uh, would violate a child, and especially to violate a, a, a child in this manner. I realized that the, uh, facts that were given were, uh, um, no conduct, uh, but it was a, uh, pattern that, uh, ranged over a period of time, uh, from August of 2022 until September of 2023, um, a period of time, uh, that, uh, one can only describe as hell, uh, for [victim]."

**{¶6}** In his assignment of error, appellant asserts that the trial court erred in the case sub judice when it imposed consecutive sentence because, appellant argues, the record does not support consecutive sentences. Although appellant concedes that

the trial court made all the requisite findings to impose consecutive sentences, appellant maintains that a review of the record does not support the trial court's decision to impose consecutive sentences.

{¶7} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(C) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} To impose consecutive sentences a court must make the findings mandated in R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into the sentencing entry. However,

a court has no obligation to state reasons to support its findings. *State v. Jones*, 2024-Ohio-1083, ¶ 11; *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶9} When appellate courts review felony sentences, they must apply R.C. 2953.08(G)(2) which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused it discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant.
>
> (b) That the sentence is otherwise contrary to law.

Consequently, R.C. 2953.08(F) requires an appellate court to review the entire record, including oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report submitted to the court before the court imposes sentence. R.C. 2953.08(F)(1) through (4). *Jones* at ¶ 12. Furthermore, R.C. 2953.08(G) permits an appellate court to increase, reduce, otherwise modify, or vacate a sentence only 'if it clearly and convincingly finds' that the record does

not support the sentencing court's findings or that the sentence is otherwise contrary to law. *Id.* at ¶ 13, citing R.C. 2953.08(G)(2), and *State v. Marcum*, 2016-Ohio-1002, ¶ 22.

**{¶10}** Once again, we point out that in the case at bar appellant concedes that the trial court made all of the requisite findings in order to impose consecutive prison sentences. Appellant, however, argues that a single five-year prison sentence will adequately punish his misconduct. Appellant emphasizes that he had no criminal record and he should receive credit for his willingness to enter a guilty plea to dispense with the necessity of the victim's testimony at trial.

**{¶11}** After our review of the entire record, however, we believe that the record does, in fact, support the trial court's findings. Although appellant has no criminal history, his conduct involved a victim of very tender years. Furthermore, his multiple instances of sexual activity, committed over a span of 13 months, and the great disparity in the ages of the offender and the victim weigh against appellant's argument. At the sentencing hearing, the trial court also reviewed the PSI, victim impact statements, and heard from the victim's guardian who stated that the young victim suffered great trauma, has been diagnosed with PTSD, anxiety and depression, will not sleep alone in her room and awakes every night

ADAMS, 23CA1182

scared, crying and with nightmares. The court also read a statement from the victim's twin brother who had observed the improper contact but did not reveal those facts because appellant threatened him not to tell and would strike him with a belt. The court also noted that this situation apparently began when the victim was under age ten.

**{¶12}** In view of the foregoing, we cannot say in the case at bar that the trial court erred in its imposition of consecutive prison sentences. Accordingly, for the foregoing reasons, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

ADAMS, 23CA1182

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover from appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                          Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal

commences from the date of filing with the clerk.